McMahon,
dissenting: I respectfully dissent from the allowance of the deduction of $28,973.80 as interest from petitioner’s gross income for 1930 which is involved in issue (b) (1). None of this amount is interest. It all results from “ PARTICIPATION in Peoeits ” as provided for in the policy contract as quoted in part by the majority. It is within such express classification as set forth in such contract. The coupons attached to the policy contract represent nothing but “ dividends ” under such “ Participation ” within the express terms of such contract. Under such terms upon surrender of these dividend coupons “ Foue Dividend Options ” are open to the holder of the policy contract. All of them come within the express designation of such “ Participation in Profits ” and they are as follows:
FOUR DIVIDEND OPTIONS
I.In Cash.
II.Applied to the payment of any premium or premium».
III. Applied to the purchase of paid-up additions to the policy.
IV. Left to accumulate to the credit of the policy, with interest at not less than three and one-half per centum per annum, payable at maturity of the policy but withdrawable at any time by the Insured.
Under the first three of these “ Four Dividend Options ” the holder gets a cash dividend or its equivalent and nothing else. The term “ interest ” is not used in them. Option IY is but a method afforded the holder of the policy contract for further “Participation in Profits ” of the petitioner upon surrender of the attached dividend coupon whereupon dividends “ may be received ” by this method, among others. Such further “ Participation ” is thus likewise expressly contracted for. As to “ Dividends ” represented by dividend coupons “ left to accumulate ”, the rate of “ per centum per annum ” of accumulation is not disclosed by the findings. The words “ not less than ” as used in IV of the “ Four Dividend Options ” are significant. They indicate that the rate may be more “ than three and one-half per cent per annum.” Obviously, the rate may be more only because the earnings of the petitioner may justify a larger “ Participation ” in such earnings. The rate actually received, whether higher or not, is but the measure of the “ Participation in Profits ”, “ dividends ” or distribution of the earnings of the petitioner. That the *536 rate may be higher in the light of all the pertinent language of the policy demonstrates that the word “ interest ” as used here is not used in its ordinary sense or in the sense in which it is used in the statute which permits life insurance companies to deduct interest. This term as used in the statute and ordinarily used is limited to a fixed rate and does not embrace a “ Participation in Profits ”, “ dividends ” or distribution of earnings at a variable rate as provided for in the policy contract. The use of the word “ accumulate ” in option IV of the “ Four Dividend Options ” is wholly in keeping with the view herein set forth. Too, the “ dividend ” represented by the coupon “ attached thereto ” is, by the express terms of the policy contract, “ the minimum, dividend ” [emphasis supplied]. This is all in keeping with the view that in the light of all of the quoted language of the policy contract we have here in fact only “ Participation in Profits ”, “ dividends ” and distribution of earnings and not interest. It is true that option IV contains the words “ with interest ”, but other more extensive language of the policy contract, the nature of petitioner’s business, and all the other pertinent facts and circumstances disclosed, demonstrate that these words are not therein used in their ordinary sense. Even this option IV in which the word “ interest ” is thus used is expressly embraced in the “ Four Dividend Options ” which are expressly classified as “ Participation in Profits” in the policy contract; and the “three and one-half per centum per annum ” is therein designated primarily as a minimum rate of “ Dividend ” and of “ Participation in Profits.” Calling a thing interest does not make it such when it is in truth not interest. Johnson Locke Mercantile Co. v. Burnet, 51 Fed. (2d) 434, affirming Johnson Locke Mercantile Co., 15 B. T. A. 1314. See the dissenting opinion in Penn Mutual Life Insurance Co., 32 B. T. A. 839, at 852-860, for full discussion and authorities cited therein. That we had a mutual life insurance company and a policy contract containing different phraseology before us there has not been overlooked.
If there is anything in article 15 of Regulations 74, Revenue Act of 1928, or in I. T. 2717, C. B. XII-2-94, cited and quoted from by the majority, which is contrary to or in conflict with the conclusion reached in this dissenting opinion or in the dissenting opinion in Penn Mutual Life Insurance Co., supra, just cited above, such article 75 and I. T. 2717 are to that extent in error and should not be adhered to. As stated by the United States Supreme Court in Helvering v. Powers, 293 U. S. 214:
But the Treasury Department could not by its regulations either limit the provisions of the statute or define the boundaries of their constitutional application.
*537 Concurring or acquiescing in that which is without requisite statutory authority can not obviate the necessity of statutory amendment.
Even if the respondent were to acquiesce in the allowance of the deduction of the $23,973.80 in question here, such acquiescence would not cure the lack of statutory authority.
The result, at which this dissenting opinion is directed, reached by the majority in these proceedings and the result, at which the cited dissenting opinion is directed, reached by them in the other proceeding, is the allowance of substantial deductions here and there and the establishment of precedents for the allowance of very large amounts of other deductions, in the aggregate, with resulting losses to the Federal Government of large amounts of taxes, in the aggregate, all without any of the requisite statutory authority or any cited valid precedent therefor.
The holding of the Board in Reserve Loan, Life Insurance Co., 18 B. T. A. 359, discussed by the majority, disallowing deductions as interest because the amounts involved were, in fact, not interest, is correct; and to this extent supports the conclusion set forth in this dissenting opinion.
Helvering v. Inter-Mountain Life Insurance Co., 294 U. S. 686, and Massachusetts Mutual Life Insurance Co. v. United States, 288 U. S. 269, cited by the majority, are distinguishable upon this aspect of the instant proceedings.